# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAFECO INSURANCE COMPANY OF AMERICA,

    Plaintiff(s),

v.

AIR VENT, INC., et al.,

    Defendant(s).

Case No. 2:20-cv-01579-JAD-NJK

**Order**

[Docket No. 38]

    Pending before the Court is Defendant/Third-Party Plaintiff Air Vent's motion to extend the deadline to serve Third-Party Defendant Powermax Electric. Docket No. 38. The motion does not identify the date on which service is currently due. Because it is not clear that such a deadline exists, the Court construes the motion as one seeking the setting of a deadline to effectuate service rather than seeking to extend that deadline.[1]

    Here, Air Vent indicates that it submitted its Hague Convention documents on March 3, 2021, and further that such service in China generally averages around seven months. *See* Docket No. 38-1 at ¶¶ 9, 11. Given those attestations, the Court will set a deadline for Air Vent to

---

[1] The deadline for effectuating service and the consequences for failing to comply with that deadline are generally governed by Rule 4(m) of the Federal Rules of Civil Procedure, but that rule does not apply to service on a foreign corporation. Fed. R. Civ. P. 4(m) (exempting service completed under Rule 4(h)(2)); *see also Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991) (addressing predecessor version of Rule 4(m)). The rules governing service in foreign countries similarly do not provide a deadline. *E.g.*, Fed. R. Civ. P. 4(h). Nonetheless, courts possess the inherent authority to set a deadline for service on a foreign corporation. *See Inst. of Cetacean Rsch. v. Sea Shepherd Conserv. Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (collecting cases). Failure to comply with such deadline may result in dismissal. *See id.*; *see also Panliant Fin'l Corp. v. ISEE3D, Inc.*, 2014 WL 3592718, at *6-7 (D. Nev. July 21, 2014).

effectuate service on Powermax Electric of <u>October 4, 2021</u>.  If Air Vent believes it cannot meet this deadline, it must file a properly supported request seeking to extend the deadline.[2]

Accordingly, Air Vent's motion is **GRANTED** in part and **DENIED** in part consistent with the above.

IT IS SO ORDERED.

Dated: March 24, 2021

                                                                                                        Nancy J. Koppe
United States Magistrate Judge

---

[2] The instant motion is bare bones.  Further requests must include meaningful discussion of the issues. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).  The Court expresses no opinion as to whether a request to extend the deadline set herein will be granted.