# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | Case No. 2:20-cv-01579-JAD-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 49] |
| AIR VENT, INC., et al., | |
| Defendant(s). | |

This case has stagnated. The parties previously sought to effectively hold the case in abeyance while Air Vent attempted to secure third-party Defendant PowerMax Electric's participation through service in China effectuated pursuant to the Hague Convention. *See* Docket No. 25 at 2. The Court stated unequivocally that it would not hold the case in abeyance for that purpose. Docket No. 26 at 1-2. Nonetheless, the parties have conducted no affirmative discovery of any kind in the more than two months since the scheduling order was issued, indicating instead that they prefer to wait for PowerMax Electric to appear (if it ever does) before conducting discovery. Docket No. 49 at 2.[1] To that end, the parties are back before the Court asking for a six-month extension to all deadlines based on their continued desire to effectively hold the case in abeyance. *See id.* at 3.[2]

---

[1] Despite filing answers more than two months ago, Docket Nos. 30-31, the stipulation further insinuates that the appearing third-party defendants have not served initial disclosures, *see* Docket No. 49 at 2. No explanation is proffered as to why that is the case.

[2] The pending stipulation also indicates that an extension is warranted based on "health concerns due to COVID 19." *See id.* at 2. No elaboration is provided. Of course, it is well-settled that there are available means to keep discovery moving forward notwithstanding pandemic-related restrictions. *See, e.g.*, *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. Aug. 19, 2020) (collecting cases regarding remote depositions). It is also well-settled that the pandemic did not erase the governing standards and that bald reference to the pandemic is not grounds to obtain relief. *See id.* The reference to the pandemic is unpersuasive here. The stipulation also indicates that additional time is needed for experts to review voluminous records and for the parties to otherwise take discovery. *See* Docket No. 49 at 2. No showing has been made why the deadlines

1

The pending stipulation does not provide meaningful discussion, supported by legal authority, that the relief being sought is appropriately granted based on the appearing parties' desire to conduct discovery only after a foreign party appears months (or longer) down the road. Moreover, the rules envision that discovery may proceed in such scenario, with mechanisms in place to bring the late-appearing party up-to-speed on the discovery conducted. *See* Local Rule 26-5.[3]

Accordingly, the stipulation is **DENIED** without prejudice. To the extent the parties continue to seek a schedule whereby discovery and the case in general are delayed pending an appearance by PowerMax Electric, then a request with meaningfully developed argument must be presented.

IT IS SO ORDERED.

Dated: May 13, 2021

       _____
       Nancy J. Koppe
       United States Magistrate Judge

---

already in place cannot be met through the parties' exercise of <u>reasonable diligence</u> in conducting discovery. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As the governing standard has not been addressed or satisfied, this assertion is also unpersuasive.

[3] The pending stipulation also seeks an extension of the already-expired deadline to amend the pleadings or add parties. *See id.* at 3. Requests to extend expired deadlines must be supported by an additional showing of excusable neglect. *See* Local Rule 26-3; *see also* Fed. R. Civ. P. 6(b)(1)(B). No attempt to show excusable neglect has been made.