UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AIR VENT, INC., et al.,<br><br>    Defendants. | Case No. 2:20-cv-01579-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 51] |

Pending before the Court is the parties' second stipulation to extend discovery deadlines. Docket No. 51. The parties request a 60-day extension of discovery deadlines. *Id.* at 2.

A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension. LR 26-3; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992).[1] The "good cause" inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). Further, to seek an extension of an expired discovery deadline, a movant must make "a showing of good cause" and "demonstrate that the failure to act [before the deadline expired] was the result of excusable neglect." LR 26-3. The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

---

[1] The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1

On May 12, 2021, the parties filed a stipulation requesting a six-month extension of all discovery deadlines based, in part, on Defendant PowerMax Electric's pending appearance in this case. Docket No. 49. The Court found that the parties' stipulation failed to meaningfully discuss, with supporting legal authority, why a six-month extension was appropriate based on their desire to conduct discovery only after Defendant PowerMax Electric appeared. Docket No. 50 at 2. The Court further found that it had previously stated unequivocally that it would not hold this case in abeyance pending Defendant PowerMax Electric's appearance and that the Local Rules provide mechanisms for bringing late-appearing parties up-to-speed in the discovery process. *Id.* at 1, 2. In addition, the Court found that the parties had failed to address, let alone demonstrate, whether excusable neglect exists to extend expired deadlines. *Id.* at 2. The Court, therefore, denied the parties' request for a six-month extension of all discovery deadlines without prejudice and permitted the parties to file a request for an extension, with meaningfully developed argument, that accounts for Defendant PowerMax Electric's pending appearance. *Id.*

On May 19, 2021, the parties filed the instant stipulation requesting a 60-day extension of discovery deadlines. Docket No. 51. However, the instant stipulation again fails to meaningfully discuss, with supporting legal authority, why the requested extension is appropriate. The instant stipulation merely submits that "[t]he parties have been holding off to avoid duplicating discovery, but now the parties will move forward with written discovery, at least one deposition, and an expert." *Id.* at 2. As the Court made clear in its previous order denying the parties' request for a six-month extension of all discovery deadlines, a request to modify the Court's scheduling order based on Defendant PowerMax Electric's pending appearance must be supported by meaningfully developed argument. *See* Docket No. 50 at 2; *see also Shahrokhi v. Harter*, 2020 WL 7379050, at *1 (D. Nev. Dec. 15, 2020) (citing *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013)) ("Courts only address well-developed legal arguments"). While the parties submit that they filed the instant stipulation pursuant to the Court's Local Rules, *see* Docket No. 51 at 1, the instant stipulation fails to comply with Local Rule 26-3. Specifically, the stipulation fails to even mention the good cause standard, let alone demonstrate whether Defendant PowerMax Electric's pending appearance constitutes good cause for the requested extension. Further, the

parties seek to extend discovery deadlines that have already expired, but fail to demonstrate, or even address, whether excusable neglect exists to extend these expired deadlines.

Accordingly, the parties' stipulation, Docket No. 51, is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 19, 2021

                                              Nancy J. Koppe
                                              United States Magistrate Judge