**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>           Plaintiff(s),<br><br>v.<br><br>AIR VENT, INC., et al.,<br><br>           Defendant(s). | Case No. 2:20-cv-01579-JAD-NJK<br><br>**Order**<br><br>[Docket No. 71] |

Pending before the Court is a fifth request for extension in the form of a joint motion. Docket No. 71.

The request appears targeted specifically at the initial expert deadline that expired more than five months ago on July 12, 2021. *See id.* at 3; *see also* Docket No. 54 at 4. As the Court has explained several times in this case, a request filed in this courthouse to revive and extend expired deadlines must be supported by a showing of both <u>excusable neglect</u> and good cause. Docket No. 54 at 1-2; Docket No. 52 at 2-3; Docket No. 50 at 2; *see also* Local Rule 26-3; Fed. R. Civ. P. 6(b)(1)(B).[1] Nonetheless, the pending motion does not identify the excusable neglect standard or attempt to meet that standard.

---

[1] Other than citing an obviously inapplicable state court rule, Docket No. 71 at 2 (citing EDCR 2.35(a)); *but see* Docket No. 54 at 3 n.2 (explicitly rejecting reliance on EDCR 2.35(a) as "completely misplaced"), the motion does not meaningfully explain why the excusable neglect standard would not apply. The motion alludes vaguely to prior stipulations that were denied without prejudice. *See* Docket No. 71 at 3. The Court notes an earlier footnote indicating that it would treat the then recently-expired initial expert deadline as unexpired <u>for purposes of that order</u> because the request to extend that deadline had first been filed prior to its expiration. Docket No. 54 at 3 n.3. To wit, the deadline at that time was set for May 13, 2021, *see* Docket No. 26 at 2, and a request to extend was filed on May 12, 2021, Docket No. 49. That initial request was denied without prejudice. Docket No. 50. Given those circumstances, the Court provided the parties the benefit of the first filing date and extended the initial expert deadline to July 12, 2021. *See* Docket No. 54. The earlier order's footnote does not apply here given that the motion does not identify a prior request filed before July 12, 2021, to extend the initial expert deadline as currently set for July 12, 2021.

1

Moreover, the motion does not comply with the local rules. *See* Local Rule 26-3. For example, the motion states in generalized fashion that the "parties have been diligently working to complete fact and expert discovery." Docket No. 71 at 2. The motion lacks the basic information by which the Court can evaluation such assertion, however, such as a statement specifying the discovery completed. Local Rule 26-3(a).[2]

Accordingly, the pending motion is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: December 21, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The nature of the requested extension—a 60-day extension *from the current deadlines*—is also puzzling. As noted above, the initial expert deadline expired on July 12, 2021, so a 60-day extension from that date would be September 10, 2021. Hence, the extended deadline being requested would still be three-months' closed.