UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>           Plaintiff(s),<br><br>v.<br><br>AIR VENT, INC., et al.,<br><br>           Defendant(s). | Case No. 2:20-cv-01579-JAD-NJK<br><br>**Order** |

On July 25, 2022, United States District Judge Jennifer A. Dorsey ordered the parties to appear for a mandatory settlement conference. Docket No. 92 at 14. Also on July 25, 2022, the undersigned issued an order setting that settlement conference and establishing the requirements for it. Docket No. 94. The Court ordered that, for any corporate party, the settlement conference must be attended by "an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made." *Id.* at 2. The Court further ordered that "[a]ny request for an exception to the above attendance requirements must be filed and served on all parties within 14 days of the issuance of this order." *Id.* Hence, the deadline to request an exception to this attendance requirement expired on August 8, 2022, or nearly three months ago. The settlement conference is set for November 7, 2022. Docket No. 96. The Court set the settlement conference for that date based on the affirmative representation that "[t]he parties are available" on that date. Docket No. 95 at 2.

 In the lead up to the settlement conference, the Court received a settlement statement from third-party Defendant Powermax identifying by name its corporate representative but indicating that she would not attend the settlement conference. Powermax made this assertion despite never receiving, or even requesting, an exception to the Court's order requiring attendance by a corporate

1

representative.  On November 1, 2022, the Court ordered Powermax to either show cause why it should not be sanctioned or to file a notice that a corporate representative would attend the settlement conference.  Docket No. 100.  On November 3, 2022, Powermax filed a notice that "a representative for Powermax will appear on its behalf," but the notice did not provide the name or email address for that person.  Docket Nos. 102, 103; *but see* Docket No. 94 at 2-3 (requiring the name and email address for settlement conference participants).  On November 3, 2022, the Court ordered Powermax to provide the name and address of its corporate representative.  Docket No. 104.

On November 4, 2022, Powermax provided its notice that "K. Michelle Bolton will be in attendance as the corporate representative for Powermax."  Docket No. 105 at 2.  That notice did not explain who Bolton is or how she is connected to Powermax.  The email address provided for Bolton shows that she works not for Powermax, but rather for a company providing adjuster services.  *See* https://www.crawco.com/services (last visited Nov. 4, 2022).  No explanation has been advanced as to how an outside adjuster would qualify a corporate representative.[1]

In light of the circumstances, the Court **CONTINUES** the settlement conference.  The parties must file a stipulation with five dates on which all required participants are available.  This stipulation must be filed by November 21, 2022.  If Powermax continues to resist having an actual party representative participate in the settlement conference, it must properly file a request seeking such relief by November 14, 2022.  *See* Docket No. 94 at 2.  Powermax must otherwise file, by November 14, 2022, a notice specifying the corporate representative who will attend, identifying her role in the company, and providing her email address.

---

[1] Having the actual parties appear at a settlement conference is important for a variety of reasons.  With respect to settlement authority, Powermax now represents that its insurance carrier (AIG) has full settlement authority.  Docket No. 105 at 2.  Such a representation was not made in Powermax's settlement statement.  Regardless of whether an insurance representative may have settlement authority, however, the Court's order still requires the attendance of an actual party representative.  *See* Docket No. 94 at 2 (requiring attendance by a corporate representative "and" an insurance representative).  Attendance by the actual party itself is important for several other reasons, including that she may have unique insight into the factual issues in the case.  *Cf. HSBC Bank USA, N.A. v. Flamingo 316, LLC*, 2019 WL 2358391, at *3 n.7 (D. Nev. June 4, 2019).

As to the order to show cause, Docket No. 100, Powermax and its attorneys (Jorge Ramirez, Christopher Phipps, and Thomas Demicco) are hereby **ADMONISHED** for their failure to comply with a Court order. At a minimum, the Court ordered that a proper request for an attendance exception had to be filed by a date certain; Powermax and its attorneys violated that order by submitting a settlement statement indicating that they would not have an individual company representative attend the settlement conference despite never seeking or receiving such relief.[2] The Court expects strict compliance with its orders and all applicable rules moving forward. In all other respects the order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: November 4, 2022

Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court has concerns as to counsel's candor in the recent filings, which appear to be misleading. The Court will not inquire further or make findings as to that particular issue. Instead, the Court reminds counsel that they have an ethical obligation to be candid in their filings and failure to fulfill that obligation may result in significant consequences.