# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAFECO INSURANCE COMPANY OF AMERICA,

    Plaintiff(s),

v.

AIR VENT, INC., et al.,

    Defendant(s).

Case No. 2:20-cv-01579-JAD-NJK

**Order**

[Docket Nos. 118, 119, 120]

Pending before the Court are three motions arising out of the uncompleted status of discovery: (1) Third-Party Defendant Powermax filed a motion to amend the scheduling order to reopen discovery, Docket No. 118; (2) Third-Party Defendant King of Fans filed a motion to amend the scheduling order to reopen discovery, Docket No. 119; and (3) Plaintiff filed a motion to bifurcate trial, Docket No. 120. Responses have not been filed to those motions. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.   STANDARDS**

The Ninth Circuit has repeatedly emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010).

1

When a request for relief from a case management deadline is made after that deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.[1]

## II. THIRD-PARTY DEFENDANT POWERMAX'S MOTION

Third-Party Defendant Powermax filed a motion to amend the scheduling order to reopen discovery. Docket No. 118.

On December 17, 2021, the discovery cutoff expired. Docket No. 59 at 2. On December 23, 2021, Third-Party Defendant Powermax filed a motion to dismiss. Docket No. 77. On July 26, 2022, the Court denied that motion to dismiss. Docket No. 92. On August 17, 2022, Powermax filed a motion to certify for interlocutory appeal. Docket No. 97. On January 25, 2023, the Court denied the motion to certify the interlocutory appeal. Docket No. 113. On February 1, 2023, Powermax filed an answer. Docket No. 116. On February 6, 2023, Powermax filed the instant motion to reopen discovery. Docket No. 118.

As the motion itself recognizes, a key consideration in deciding such a request is whether the moving party was diligent in obtaining discovery. *See* Docket No. 118 at 4. As part of this diligence inquiry, a party seeking relief from a scheduling order may be required to show that it was diligent in seeking relief from the Court once it became apparent that the deadlines in place could not be met. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)).

---

[1] The Ninth Circuit has at times stated the factors for consideration somewhat differently, including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017).

The instant motion fails to adequately explain how the Court can find diligence here given that the request to reopen discovery was filed 14 months after Powermax appeared in this case, at which time it could have sought the same relief it now seeks.[2] Accordingly, this motion to reopen discovery is **DENIED** without prejudice.

### III. THIRD-PARTY DEFENDANT KING OF FANS' MOTION

Third-Party Defendant King of Fans filed a motion to amend the scheduling order to reopen discovery. Docket No. 119. As with the motion to reopen filed by Powermax, King of Fans is entitled to relief only upon a showing of, *inter alia*, diligence in its discovery conduct. With respect to discovery involving Powermax, the instant motion is predicated on the erroneous assertion that such discovery could not be conducted until after Powermax filed an answer. Docket No. 119 at 5.[3] Accordingly, sufficient diligence has not been demonstrated as to King of Fans' belated attempt to obtain discovery from Powermax.

King of Fans seeks to engage in discovery not just with respect to Powermax, however, but also seeks an additional opportunity for discovery from Defendant/Third-Party Plaintiff Air Vent, from Plaintiff, and from Plaintiff's insureds. *See* Docket No. 119 at 7.[4] King of Fans indicates that it purposefully chose to avoid this discovery until after Powermax could participate because King of Fans believes proceeding earlier would have been potentially inconvenient. *See, e.g., id.* at 5 ("The parties did not proceed with depositions or much other discovery without Powermax's

---

[2] To be clear, the need to engage in discovery is triggered by the filing of an answer or any other appearance in the case. *See* Local Rule 26-1(a); *see also* Fed. R. Civ. P. 16(b)(2). The filing of a motion to dismiss for lack of personal jurisdiction is an appearance triggering discovery obligations. *See PlayUp, Inc. v. Mintas*, ___ F. Supp. 3d ___, 2022 WL 10967692, at *4, *6 n.9 (D. Nev. Oct. 18, 2022). Moreover, it is well settled law that "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motions is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). It is wrong to assert that Powermax did not appear for discovery purposes until filing its answer. *But see* Docket No. 119 at 5.

[3] King of Fans did not serve discovery on Powermax when the motion to dismiss was pending, but served requests for admission after that motion was decided, at which time Powermax objected on the ground that it had not yet filed an answer. *See* Docket No. 119 at 5. King of Fans did not file a motion to compel related to that dispute.

[4] The discussion of excusable neglect fails from the start because it is predicated on state law, but it is the Federal Rules of Civil Procedure and the local rules of this Court that apply in this case. *See, e.g.*, Fed. R. Civ. P. 1.

3

participation because, if they did so, they risked having to cover the same depositions and discovery again when Powermax joined the case"). This representation is concerning as it appears to be contrary to earlier orders issued in this case. *See, e.g.*, Docket No. 52 at 2 (noting prior order stating "unequivocally that [the Court] would not hold this case in abeyance" until Powermax appeared, that the Local Rules provide mechanisms for bringing late-appearing parties up to speed on discovery, and that meaningfully developed argument had not been presented to delay discovery); Docket No. 54 at 4 n.4 ("What is missing from the stipulation is meaningful discussion or citation to any legal authority that it is appropriate to delay discovery in an ongoing case with multiple appearing parties based on the potential that an additional foreign party may be served and may appear months or years in the future").[5] Hence, the Court is left with the same undeveloped and previously-rejected assertions that the parties did not want to engage in discovery because it might have been inconvenient.[6]

In short, King of Fans has not shown in its current motion how it has been diligent as to discovery from Powermax given that it has sought such relief 14 months after Powermax appeared. King of Fans has also failed to acknowledge the previous decisions in this case with respect to discovery with Plaintiff, Plaintiff's insureds, and Air Vent, and has otherwise failed to sufficiently explain how relief as to that discovery is warranted. Accordingly, this motion to reopen discovery is **DENIED** without prejudice.

---

[5] On September 22, 2021, the Court did allow an extension on the ground that the existing parties would be participating in destructive testing of the fan at issue in this case, but still warned that the "Court cannot delay this case forever based on the potential that Powermax Electric may at some point be served and thereafter defend itself." Docket No. 59 at 1-2 & n.1. The discovery cutoff set in that order expired more than a year ago. *See id.* at 2.

[6] The instant motion makes no mention of the prior orders. Attorneys "play with fire if they raise the same arguments over and over and fail to acknowledge prior adverse rulings." *Atlantis Enterps., Inc. v. Avon Prods. Inc.*, 2010 WL 11519593, at *4 (C.D. Cal. Jan. 14, 2010) (quoting *U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1015 (N.D. Ill. 2008)).

### IV. PLAINTIFF'S MOTION TO BIFURCATE

Plaintiff filed a motion to bifurcate trial. Docket No. 120.[7] That request is predicated on potential delay stemming from the reopening of discovery as to third-party claims, *see id.* at 3, but the Court has not found that sufficient grounds exist for that relief. *See* Sections I, II.[8] Accordingly, the motion to bifurcate trial is **DENIED** without prejudice.

### V. CONCLUSION

For the reasons discussed above, the two motions to reopen discovery and the motion to bifurcate are **DENIED** without prejudice. Any renewed motion(s) to reopen discovery must be filed by March 28, 2023. In the interim, the Court suspends the deadline to file the joint proposed pretrial order.

IT IS SO ORDERED.

Dated: March 21, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] Attorney Peck docketed this motion as if it was filed by Third-Party Plaintiff Air Vent, *see* Docket No. 120 (docket text), but the motion is actually filed by Plaintiff Safeco, *see* Docket No. 120.

[8] When the Court raised the potential for separate trials two years ago, Docket No. 27, the parties all opposed that relief, Docket Nos. 36, 41, 42, 43. Given the earlier stated concerns of, *inter alia*, potential prejudice in having separate trials, the Court will require a more fulsome discussion from the parties as to bifurcation in the event discovery is reopened.