UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff(s),<br><br>v.<br><br>AIR VENT, INC., et al.,<br><br>    Defendant(s). | Case No. 2:20-cv-01579-JAD-NJK<br><br>**Order**<br><br>[Docket No. 123] |

    Pending before the Court is the motion to reopen discovery filed by Third-Party Defendant King of Fans. Docket No. 123. Third-Party Plaintiff Air Vent filed a joinder. Docket No. 127. Third-Plaintiff Defendant Powermax filed a response agreeing that this discovery should be reopened. Docket No. 129. Plaintiff filed a response that does not oppose reopening discovery as to the third-party complaint. Docket No. 128.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.[2]

    The Court is at a loss as to why the parties took it upon themselves to avoid discovery for the last 16 months despite the long-awaited appearance by Third-Party Defendant Powermax in December 2021. *See Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (the movant may be required to show that it was diligent in seeking relief from the Court once it

---

[1] In its response, Plaintiff asks for an order bifurcating trial. Docket No. 128 at 3-5. A responsive brief is not a proper vehicle to seek relief. *See* Local Rule IC 2-2(b). This request is denied without prejudice to renewing it by filing a proper motion. Although the response predicates the non-opposition on Plaintiff obtaining relief, it did not otherwise provide meaningful argument against the motion. Having been provided no meaningful argument that the motion to reopen should be opposed, the Court treats it as unopposed. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

[2] With respect to the confusion concerning the reply deadline, *see, e.g.*, Docket No. 131 at 2, counsel are instructed to review Local Rule IC 3-1(d) ("Filing deadlines listed in Notices of Electronic Filing are provided as a courtesy only. To the extent these deadlines conflict with a court order, the court order controls").

became apparent that it would require relief from the deadlines in place); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (same); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (analyzing whether the court and opposing counsel "were promptly notified" of the need for relief from the case management deadlines).[3]  Nonetheless, none of the pertinent parties oppose reopening this discovery, which militates in favor of doing so. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017).  With respect to this unopposed portion of the requests to reopen discovery as to the third-party complaint,[4] the Court will err on the side of allowing discovery in the interest of the case being resolved on its merits.

Accordingly, this motion to reopen discovery is **GRANTED**.  The Court hereby **SETS** a discovery cutoff for this reopened period for August 31, 2023.[5]  The Court also **RESETS** the dispositive motion deadline as to the third-party complaint only to September 29, 2023, and the joint proposed pretrial order to October 30, 2023.  Given the lackluster showing to obtain this relief and the age of the case, the parties are cautioned that <u>the Court is not inclined to extend these deadlines.  Counsel must take all necessary steps to ensure that they can meet the deadlines set herein</u>.

IT IS SO ORDERED.

Dated: April 11, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Some discovery was served during this time, but it was not answered. *See* Docket No. 124.  No motion to compel was filed.

[4] There is a separate dispute as to whether the discovery period should be reopened so that Powermax can obtain discovery from Plaintiff. *Compare* Docket No. 128 at 5 *with* Docket No. 132 at 2.  The Court is issuing an order setting a hearing on that issue.  The Court expresses no opinion herein on that issue.

[5] The parties must immediately confer on deadlines for expert disclosures (if any) to ensure that discovery can be completed by August 31, 2023.