UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Safeco Insurance Company of America,<br><br>    Plaintiff<br><br>v.<br><br>Air Vent, Inc., et al.,<br><br>    Defendants<br><br>and all other parties and claims | Case No.: 2:20-cv-01579-JAD-NJK<br><br>**Order Denying Motion to Bifurcate**<br><br>[ECF No. 137] |

    This case arises from Safeco Insurance Company of America's attempt to recoup money that it paid its insured to cover home damage caused by a fan manufactured by Air Vent, Inc.[1] Air Vent filed a third-party complaint against component-part manufacturers and distributors Powermax Electric Company; Chien Luen Industries Company; and King of Fans, Inc., alleging that these third-party defendants are jointly and vicariously liable if the fan is found to be defective.[2] I granted summary judgment on the liability issues as to Safeco's claims against Air Vent, leaving the issues of damages and Air Vent's third-party claims for trial.[3]

    Safeco now moves to bifurcate those remaining issues, arguing that "[t]he issue of damages can be determined independently of Air Vent's third-party claim against Powermax and King of Fans."[4] It contends that, while its "claim is ready to proceed at trial," discovery was recently reopened on the third-party claims, and it "has no role" in that discovery, so "there is no

---

[1] ECF No. 1.
[2] ECF No. 14.
[3] ECF No. 92 at 13–14.
[4] ECF No. 137 at 4.

need to delay the damages phase of the trial while third-party litigants continue to conduct discovery."[5]

Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial for any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice.[6] Bifurcation is appropriate to, for example, "avoid a difficult question by first dealing with an easier, dispositive issue or to avoid the risk of prejudice."[7] District courts have broad discretion over whether to bifurcate issues for trial.[8]

Applying those principles, I find that splitting the remaining issues is not appropriate here. As the defendants argue,[9] bifurcation would result in "two separate trials involving the same parties [and] witnesses, and many of the same issues."[10] Indeed, damages would certainly be at issue in both trials, and Safeco's witnesses may need to testify on liability and damages at the second trial[11]—mitigating any judicial-economy or convenience gains that bifurcation might achieve.[12] Also, as the defendants contend, trying the claims against Air Vent alone in a first trial would prejudice the third-party defendants, who would "not be able to assert a first-hand defense" as to the damages that they might ultimately have to repay.[13] And I find that mere

---

[5] *Id.* at 3–4.

[6] Fed. R. Civ. P. 42(b).

[7] *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (internal citation omitted).

[8] *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

[9] Third-party defendant King of Fans filed the principal response, and defendant and third-party plaintiff Air Vent and third-party defendant Powermax joined that response. ECF No. 138; ECF No. 139; ECF No. 140. I refer to all three as defendants for purposes of this order.

[10] ECF No. 138 at 2.

[11] *Id.* at 2–4.

[12] ECF No. 141 at 2–4.

[13] *Id.* at 6.

inconvenience to Safeco in the form of delay does not outweigh that potential prejudice.[14] So I find that bifurcation isn't justified here and deny Safeco's motion.

**Conclusion**

IT IS THEREFORE ORDERED that Safeco's motion to bifurcate **[ECF No. 137] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
June 12, 2023

---

[14] ECF No. 141 at 3–4.